# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| DERWIN THOMAS, ) ) Petitioner, ) ) v. ) ) JACK MORGAN, ) ) Respondent. ) | Case No. 2:04-cv-02231-JDB-dkv |

**ORDER DENYING MOTION TO VACATE JUDGMENT,
DENYING MOTION TO ALTER OR AMEND JUDGMENT,
DENYING MOTION TO HOLD CASE IN ABEYANCE,
DENYING MOTION FOR APPOINTMENT COUNSEL,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the pending post-judgment motions, filed by *pro se* Petitioner, Derwin Thomas, Tennessee Department of Correction number 286493, an inmate at the Northwest Correctional Complex ("NWCX") at Tiptonville, Tennessee: (1) Petitioner's Motion to Vacate Judgment (Mot. to Vacate J., *Thomas v. Morgan*, No. 2:04-cv-02231-JDB-dkv (W.D. Tenn.), ECF No. 23); (2) Petitioner's Motion to Alter or Amend the Judgment (Mot. to Alter/Amend J., *id.*, ECF No. 27); (3) Petitioner's Motion to Hold Case in Abeyance (Mot. to Hold in Abeyance, *id.*, ECF No. 31); and (4) Petitioner's Motion for Appointment of Counsel (Mot. for Appt. of Counsel, *id.*, ECF No. 25).[1] For the foregoing reasons, Thomas's pending post-judgment motions are DENIED.

---

[1] The Clerk is directed to substitute current NWCX Warden Mike Parris for Jack Morgan

## I. Procedural History

Thomas filed his original § 2254 Petition on April 2, 2004, an amended petition on July 16, 2004, and a supplement to his amended petition on July 21, 2004. The Court construed and summarized the claims presented in his § 2254 Petition as follows:

1. the evidence was insufficient to support Thomas's murder convictions;
2. the trial court erred in failing to declare a mistrial due to the State's violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963);
3. the trial court erred by admitting into evidence two photographs of the victims;
4. the trial court erred by admitting into evidence a gold chain belonging to one of the victims;
5. the trial court erred in admitting letters written by defendant Thomas into evidence as statements against interest;
6. the trial court erred in allowing testimony of a lay-witness about Thomas's handwriting;
7. Thomas's conviction for especially aggravated kidnapping and especially aggravated robbery violate due process because the offenses were merely incidental to the primary purpose of committing first degree murder and aggravated robbery;
8. the trial court erred in allowing victim impact testimony;
9. the evidence was insufficient to support the jury's determination of the presence of aggravating circumstances which resulted in an excessive sentence;
10. Thomas was denied his right to a speedy trial; and
11. Thomas was denied the effective assistance of trial counsel due to counsel's failure to:
    a. utilize a prior inconsistent statement of witness Terrance Fitzgerald;
    b. raise the issue of the court's failure to sever his trial from that of his co-defendant on appeal;
    c. object to inflammatory statements by the state during closing argument;
    d. properly cross-examine witness Rodney Edwards; and
    e. order ballistics testing on the gun admitted as evidence at trial.

(Order of Dismissal, *Thomas v. Morgan*, Page ID 54-55, ECF No. 10.)

---

as respondent in this action. *See* Fed. R. Civ. P. 25(d).

On April 4, 2005, this Court entered an order dismissing Thomas's claims as being without merit, denying a certificate of appealability, and certifying that an appeal would not be taken in good faith. (Order of Dismissal, *id.*, ECF No. 10.) Judgment was entered on April 6, 2005. (J. in Civil Case, *id.*, ECF No. 11.) On April 18, 2005, Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit. (Notice of Appeal to Sixth Cir., *id.*, ECF No. 12.) On May 9, 2005, the Sixth Circuit entered an order denying Thomas's application for a certificate of appealability, stating that "the court concludes that Thomas has failed to make a showing that reasonable jurists could disagree with the district court's resolution of his sufficiency of the evidence, due process, ineffective assistance of trial and appellate counsel, and *Brady v. Maryland*, 373 U.S. 83, 87 (1963), claims." (Sixth Cir. Denial of Certificate of Appealability, *id.*, Page ID 105, ECF No. 18.)

On October 6, 2015, the Sixth Circuit issued a second opinion on this case, denying Thomas's motion for permission to file a second or successive § 2254 Petition in the district. (Sixth Cir. Denial of Second or Successive § 2254 Pet., *id.*, ECF No. 34.) The court held that:

> We "may authorize the filing of a second or successive" habeas corpus petition only if the petitioner "makes a prima facie showing" that it contains a claim premised on (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) new facts that "could not have been discovered previously through the exercise of due diligence" and that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2), (b)(3)(C). Any claim "presented in a second or successive habeas corpus" petition that was raised in an earlier petition must be dismissed. 28 U.S.C. § 2244(b)(l).
>
> Thomas's motion does not satisfy the statutory criteria for filing a second or successive habeas corpus petition. Thomas's ineffective-assistance-of-counsel claim based on the failure to request ballistics examination on the gun admitted at trial and his prosecutorial-misconduct claim based on the delayed disclosure of crime stoppers tip were raised in his prior habeas corpus petition and are subject to dismissal under § 2244(b)(l). *See In re Siggers*, 615 F.3d 477, 481 (6th Cir. 2010).

Thomas's remaining claims were not raised in his prior habeas corpus petition. Nevertheless, these claims may not be considered because Thomas has failed to show that they rely on a new, retroactively applicable "rule of constitutional law" or are based on newly discovered facts that establish that "no reasonable factfinder would have found [him] guilty of the" crimes for which he was convicted. *See* 28 U.S.C. § 2244(b)(2); *see Tyler v. Anderson*, 749 F.3d 499, 508 (6th Cir.), *cert. denied*, 135 S. Ct. 370 (2014).

Thomas relies on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) to support his fifth, sixth, and seventh proposed grounds for relief alleging ineffective assistance of counsel during his initial "collateral proceedings." He relies on *Hinton v. Alabama*, 134 S. Ct. 1081 (2014) to support his eighth proposed ground for relief alleging the denial of a fair trial based on the "failure to conduct ballistics examination on the gun introduced at [his] trial." But none of these cases establish[es] "a new rule of constitutional law." 28 U .S.C. § 2244(b)(2)(A). *Martinez* is an "equitable ruling" rather than a constitutional one. 132 S. Ct. at 1319. *Trevino* also did not set forth a new rule of constitutional law, as it merely applied *Martinez* to distinct facts. 133 S. Ct. at 1914-15. *Hinton* did not set forth a new rule of constitutional law either; instead, it involved "a straightforward application of [the Court's] ineffective-assistance-of-counsel precedents, beginning with *Strickland v. Washington*, 466 U.S. 668" (1984), to an ineffective-assistance-of-trial-counsel claim. 134 S. Ct. at 1087.

*(Id.* at Page ID 157-58.)

## II. PENDING MOTIONS

### A. Motion to Vacate Judgment

On March 2, 2015, the inmate filed a Motion to Vacate Judgment. (Mot. to Vacate J., *id.*, ECF No. 23.) He contends that, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, he is entitled to relief from final judgment. Specifically, Thomas argues that the recent Supreme Court decisions in *Martinez*, 132 S. Ct. at 1309, *Trevino*, 133 S. Ct. at 1911, and *Hinton*, 134 S. Ct. at 1081, provide cause to excuse his procedurally defaulted claims for ineffective assistance of counsel claims and denial of a fair trial process. *(See id.* at Page ID 113-14.)

Fed. R. Civ. P. Rule 60(b) provides the following:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Fed. R. Civ. P.] Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reasons that justifies relief.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)). A petitioner seeking relief under Rule 60(b)(6) is required "to show extraordinary circumstances justifying the reopening of a final judgment. Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also Tanner v. Yukins*, 776 F.3d 434, 446 (6th Cir. 2015).

In 1991, the Supreme Court stated that absent a right to counsel in a collateral proceeding, an attorney's errors in the proceeding do not establish cause for a procedural default. *Coleman v. Thompson*, 501 U.S. 722 (1991). In 2012, the Court recognized a narrow exception to the *Coleman* rule. *Martinez*, 132 S. Ct. at 1320. The Court in *Martinez* held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* The

5

requirements that must be satisfied to excuse a procedural default under *Martinez* are as follows:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino*, 133 S. Ct. at 1918 (emphasis and revisions in the original) (summarizing the test set out in *Martinez*, 132 S. Ct. at 1316). *Martinez* arose under an Arizona law that does not permit ineffective assistance claims to be raised on direct appeal. 132 S. Ct. at 1313.

Nevertheless, it was emphasized that "[t]he rule of *Coleman* governs in all but the limited circumstances . . . ." *Id.* 1320. The Court clarified that *Coleman* still applies to "to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Id.*

In the Supreme Court's subsequent decision in *Trevino*, 133 S. Ct. at 1921, the Court extended its holding in *Martinez* to states in which a "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal . . . ." *Id.* Thus, the decision in *Trevino* broadened the fourth *Martinez* requirement.

Ineffective assistance of state post-conviction counsel can establish cause to excuse a Tennessee prisoner's procedural default of a substantial federal habeas claim that his trial counsel was constitutionally ineffective. *Sutton v. Carpenter*, 745 F.3d at 787, 795-96 (6th Cir. 2014). To be "substantial" under *Martinez*, a claim must have "some merit" based on the controlling standard for ineffective assistance of counsel. *Martinez*, 132 S. Ct. at 1318-1319.

The Supreme Court announced that its ruling in *Martinez* was an equitable ruling, which does not rise to the level of a constitutional ruling. *Martinez*, 132 S. Ct. at 1319-20. The *Martinez* Court explicitly declined to confront the constitutional question left open in *Coleman* of whether a prisoner has a right to effective counsel in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial. *Id.* at 1315 (noting that, given the facts presented, "this is not the case . . . to resolve whether that exception exists as a constitutional matter"). The Supreme Court and the Sixth Circuit have not yet provided clear guidance as to how district courts reviewing habeas petitions are to implement the rulings in *Martinez* and *Trevino*. *See Landrum v. Anderson*, No. 14-3591, 2016 WL 556743, at *3-4 (6th Cir. Feb. 12, 2016).

However, the Sixth Circuit has explicitly stated, "neither *Martinez* nor *Trevino* sufficiently changes the balance of the factors for consideration under Rule 60(b)(6) to warrant relief." *Wright v. Warden*, *Riverbend Max. Sec. Inst.*, 793 F.3d 670, 672 (6th Cir. 2015) (quoting *Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014)); *see also McGuire v. Warden*, *Chillicothe Corr. Inst.*, 738 F.3d 741, 750-51 ("The change in the law resulting from the recent *Trevino* decision is flatly not a change in the constitutional rights of criminal defendants, but rather an adjustment of an equitable ruling by the Supreme Court as to when federal statutory relief is available.").

While neither the Supreme Court nor the Sixth Circuit has addressed the application of *Hinton* to a Rule 60(b)(6) motion, the Sixth Circuit has held that "*Hinton* did not set forth a new rule of constitutional law . . . ; instead it involved a 'straightforward application of [the Court's] ineffective-assistance-of-counsel precedents . . . ." (Sixth Cir. Denial of Second or Successive § 2254 Pet., *Thomas v. Morgan*, Page ID 158, ECF No. 34.) Therefore, this change in decisional

7

law does not embody the type of extraordinary or special circumstance that warrants relief under Rule 60(b)(6).

Accordingly, Thomas's Motion to Vacate Judgment is DENIED.

### B. Motion to Alter or Amend Judgment

On April 24, 2015, Thomas filed a Motion to Alter or Amend his judgment, asserting the same arguments as in his Motion to Vacate Judgment. (Mot. to Alter/Am. J., *id.*, ECF No. 27). For the reasons stated above, *supra* pp. 5-8, this Court DENIES the Motion to Alter or Amend his judgment.

### C. Motion to Hold Case in Abeyance

On June 16, 2015, Petitioner filed a Motion to Hold Case in Abeyance pending "the state appellate court['s] . . . ruling on his motion to re-open his post-conviction." (Mot. to Hold in Abeyance, *id.*, Page ID 148, ECF No. 31.) Although Thomas states that he has filed a motion in state court to re-open his post-conviction petition to address the Supreme Court decision in *Hinton*, the Sixth Circuit and this Court have previously addressed and found that no relief is available for Thomas under *Hinton*. (Sixth Cir. Denial of Second or Successive § 2254 Pet., *id.*, Page ID 158, ECF No. 34.)

Therefore, Thomas's Motion to Hold Case in Abeyance is DENIED.

### D. Motion for Appointment of Counsel

On April 6, 2015, the inmate sought appointment of counsel, stating that "[t]he issues involved in this case are very complex." (Mot. for Appt. of Counsel, *id.*, Page ID 132, ECF No. 25.) The Sixth Amendment right to the appointment of counsel in criminal cases extends to the first appeal as of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their

8

convictions, and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal as of right, and no further."); *Staple v. Lafler*, No. 07-cv-12452, 2010 WL 3341530, at *2 (E.D. Mich. Aug. 24, 2010) ("The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding."). There is no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see also* 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed for persons seeking relief under 28 U.S.C. § 2254 who are financially eligible whenever the court determines "that the interests of justice so require").

The appointment of counsel is mandatory only when an evidentiary hearing is required. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

> In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel.

*Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). As stated *supra*, Thomas's post-judgment motions have been denied. He has not otherwise demonstrated that the appointment of counsel would be in the interest of justice.

Accordingly, the Motion for Appointment of Counsel is DENIED.

**III. APPEAL ISSUES**

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. at 335; *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must either issue or deny a certificate of appealability ("COA'') when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(l ); Fed. R. App. P. 22(b)(l).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & 3. A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed, *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same), however, courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773 (quoting *Slack*, 537 U.S. at 337).

In this case, there can be no question that Thomas is not entitled to relief from judgment. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

For the same reasons that it denies a certificate of appealability, the Court determines that

any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[2]

IT IS SO ORDERED, this 10th day of March, 2016.

s/J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).